**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RICHARD JONES**<br>**4501 23d Parkway**<br>**Apt 104**<br>**Temple Hills, MD 20748**<br><br>On behalf of himself and all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>**GOVERNMENT OF THE DISTRICT OF COLUMBIA**<br><br>**SERVE:**<br><br>Mayor Muriel Bowser<br>Designee Darlene Fields<br>Civil Litigation Division, Ste 6000 South<br>441 4th Street, NW<br>Washington, DC 20001<br>202-724-6507<br><br>And<br><br>Attorney General Karl Racine<br>Designee Darlene Fields<br>Civil Litigation Division, Ste 6000 South<br>441 4th Street, NW<br>Washington, DC 20001<br>202-724-6507<br><br>Defendant. | Civil Action No.: 16-2405 |

**CLASS ACTION**

**COMPLAINT FOR INDIVIDUAL MONEY DAMAGES AND CLASS INJUNCTIVE RELIEF AND JURY DEMAND**

**Introduction**

1. This is an action brought by each of Richard Jones (the "Overdetention Named Plaintiff") on his own behalf and on behalf of the class defined below injured (or presently subject to injury) by the Government of the District of Columbia's recently revived pattern and practice of allowing its Department of Corrections to overdetain inmates, and by the District's deliberate indifference to the effect of the practice of overdetention on the rights of inmates. To overdetain means holding a detainee or prisoner in a District of Columbia Department of Corrections ("Department of Corrections") facility past midnight of his or her release date, as defined below.

2. This is also an action brought by Richard Jones (the "Strip Search Named Plaintiff") on his own behalf and on behalf of a Strip Search Class of individuals who were injured (or presently subject to injury) by the District's conduct in subjecting them to blanket strip searches and visual body cavity searches (both described below) after they were returned to a Department of Corrections facility after a judicial determination that there was no longer a basis for their detention, other than to be processed for release, and by District's deliberate indifference to the effect of the practice of blanket strip searches and visual body cavity searches on the rights of inmates.

3. Mr. Jones also brings common law over-detention (false imprisonment) and strip-search (invasion of privacy) claims. Mr. Jones timely submitted "12-309" notice to the District pursuant to D.C. Code § 12-309 on behalf of himself and the classes.

4. The Overdetained Named Plaintiff brings this action against the Government of the District of Columbia under Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, to enforce the Fourth, Fifth and Eighth Amendments, for injuries suffered by them, because the District overdetained them and other members of the class at a Department of Corrections facility.

5. The Strip Search Named Plaintiff brings this action against the Government of the District of Columbia under Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, to enforce the Fourth and Fifth Amendments, for injuries suffered by them, because the District subjected them and the class to the blanket strip searches.

Jurisdiction and Venue

6. This Court has jurisdiction over the Overdetained Named Plaintiff and Strip Search Named Plaintiff' § 1983 claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

7. Venue is appropriate in this District. Each of the claims for relief arose in this judicial district.

Class Action Allegations

8. The Overdetained Named Plaintiff bring this action under Rules 23(a), 23(b) (2), of the Federal Rules of Civil Procedure on behalf of a class consisting of: (a) Each person who has been, is, or in the future will be incarcerated in any District of Columbia Department of Corrections facility from August 1, 2013 forward; and (b) who was not released, or, in the future, will not be released by midnight on the date on which the person is entitled to be released by court order or the date on which the basis for his or her detention has otherwise expired (or within two hours of being ordered released or otherwise becoming entitled to release if the person was a court return).

9. The Strip Search Named Plaintiff also bring this action under Rules 23(a), 23(b) (2) of the Federal Rules of Civil Procedure on behalf of a class consisting of each member of the class who was, or in the future will be, from August 1, 2013, forward: (i) in the custody of the Department of Corrections; (ii) taken to court from a Department of Corrections facility; (iii) ordered released by the court or otherwise became entitled to release by virtue of the court

appearance because the charge on which he had been held was no longer pending or was dismissed at the hearing, was ordered released on his own recognizance, or had posted bail, was sentenced to time served, was acquitted or was otherwise entitled to release; (iv) was not the subject of any other pending case or cases which imposed any condition of release other than personal recognizance; (v) was not the subject of any detainer or warrant; (vi) was returned from court to the DC Jail or CTF or other District facility, to be processed out of Department of Corrections custody; and (vii) was subjected to a strip search and/or visual body cavity search without any individualized finding of reasonable suspicion or probable cause that he was concealing contraband or weapons; before being released, regardless of whether he was overdetained.

10. Certification of these two classes under Federal Rule of Civil Procedure 23(b)(2) is appropriate, because the District of Columbia has a pattern and practice that has uniformly affected all members of both classes, and injunctive relief against the District will benefit each and every plaintiff and class member. Although the District had agreed to stop these practices, and indeed had done so in the context of the settlement of Bynum v. District of Columbia , Civil Action No. 02-956 (RCL) and Barnes v. District of Columbia, 06-315 (RCL), the practices stop have not stopped based on public filings and discussions with attorneys practicing in the District courts.

11. The classes are entitled to injunctive relief on their § 1983 claims, for example, setting up an independent monitor to supervise the Department of Corrections' inmate management system to ensure that all inmates are released on or before their release dates, and other relief as specified below.

12. Regarding the Overdetained Named Plaintiff, and members of the class, there are no individual questions on the issue of liability other than whether an individual has been

overdetained, and the answer to that question can be determined by ministerial inspection of the Department of Corrections' records.

13. Computer records and DOC over-detention reports are available for inspection on the overdetentions and the strip-searches.

14. Regarding the Strip Search Named Plaintiff, and members of the Strip Search Class, there are no individual questions on the issue of liability, because neither the DC Jail nor CTF keeps records of the searches and therefore neither the DC Jail nor CTF can show that any of the searches were conducted based on an individual determination of reasonable suspicion.

15. Among the questions of law and fact common to the classes are:

a) whether the Constitution provides a maximum length of time measured in hours beyond which the District cannot hold a person to perform administrative tasks incident to release before releasing that person from jail;

b) whether the District has exceeded that maximum for each class member;

c) whether the District has a pattern and practice of holding detainees and inmates past their release dates;

d) whether the District has a pattern and practice of being deliberately indifferent to the rights of detainees and inmates by holding them past their release dates;

e) whether the District's acts as alleged herein violate the Constitution of the United States by holding detainees and inmates past their release dates;

f) whether the District has a policy of and practice of subjecting persons to blanket strip searches and visual body cavity searches after they have become entitled to release;

g) whether such policy, if found to exist, violates the Fourth and/or Fifth Amendments; and

h) whether plaintiffs and the members of the Overdetention Class and the Strip Search Class and future members are entitled to equitable relief, and, if so, what is the nature of that relief.

16. Each of the Overdetention Class and the Strip Search Class is so numerous that joinder of all members is impracticable. The exact number of Overdetention Class and Strip Search Class members is unknown to plaintiffs at this time, but is likely to consist of at least one hundred people, and likely substantially more than that.

17. The Overdetained Named Plaintiff' claims are typical of the claims of the other members of the class, as plaintiffs and all other members of the class were injured by exactly the same means, that is, by the overdetentions.

18. The Strip Search Named Plaintiff' claims are typical of the claims of the other members of the Strip Search Class, as the Strip Search Named Plaintiff and all other members of the Strip Search Class were injured by exactly the same means, that is, by the blanket strip searches.

19. The Overdetained Named Plaintiff and the Strip Search Named Plaintiff will fairly and adequately protect the interests of the members of the Overdetention Class and Strip Search Class and have retained counsel who are competent and experienced in complex federal civil rights class action litigation and/or complex federal prisoner rights litigation.

20. The Overdetained Named Plaintiff and Strip Search Named Plaintiff have no interests that are contrary to or in conflict with those of the class or Strip Search Class.

Parties

21. Plaintiff Richard Jones held past his Release Date at the DC Jail and was strip searched without reasonable suspicion after being ordered to be released from custody.

22. The District Government of the District of Columbia (hereinafter the District of Columbia or the District) is a municipal corporation capable of being sued under D.C. Code § 1-102.

## FACTUAL ALLEGATIONS

### Components of the Department of Corrections

23. The District of Columbia Department of Corrections holds prisoners committed by the District of Columbia Superior Court, the District of Columbia District Court, and other agencies, in the Central Detention Facility ("DC Jail"), the Correctional Treatment Facility ("CTF") and at various halfway houses located in the District of Columbia.

24. Most prisoners held in the custody of the Department of Corrections are either pre-trial detainees, misdemeanants serving sentences, or parole and probation violators.

### The Inmate Management System

25. The records office located at the DC Jail ("Records Office") is responsible for administering and maintaining the records, including the judgment and commitment files, of all persons housed at the DC Jail, CTF and the halfway houses.

26. The Records Office is responsible for ensuring that all persons housed at the DC Jail, CTF and the halfway houses are released according to their Release Dates specified in their court orders.

27. The District of Columbia Superior Court enforces a policy pursuant to which an in-custody-defendant or a defendant ordered into custody may not leave the courtroom without an order (commitment order or release order) for each case on which he appeared.

The Overdetention Problem

28. "Overdetain" means holding a detainee or prisoner in Department of Corrections' custody past the person's release date.

29. "Release Date" for each detainee or inmate is the day on which the person is entitled to be released by court order or the date on which the basis for his or her detention has otherwise expired.

30. "Exit Date" for each detainee or inmate is the day on which the person is actually released from the custody of the District of Columbia Department of Corrections.

31. The Department of Corrections had a long and documented history of overdetaining detainees and inmates past their release dates.

32. The Department of Corrections, in response to a class action lawsuit, instituted reforms that ameliorated and for periods eliminated the overdetention problem.

33. However, on information and belief, and based on publically available filing, the Department of Corrections has again begun overdetaining large numbers of inmates.

The Court Return Strip Search Problem

34. Prior to late 2000 or early 2001, the Department of Corrections followed a practice under which most inmates taken from custody of the Department of Corrections to court and ordered released by a judicial officer because the charge was no longer pending or because of a change in conditions of release was returned to the DC Jail or CTF for processing for release rather than being released from the courthouse.

35. In late 2000 or early 2001, the Department of Corrections instituted a policy under which every inmates taken from custody of the Department of Corrections to court and ordered released by a judicial officer because the charge was no longer pending or because of a change in conditions of release was returned to the DC Jail or CTF for processing for release rather than being released from the courthouse.

36. In August 2005 the Department of Corrections instituted a policy of diverting in-custody defendants ordered released or otherwise entitled to release from the Superior Court of the District of Columbia to a holding facility on the grounds of DC General Hospital where they would not be subject to a strip search, absent individualized suspicion, while the record review for detainers and warrants and property retrieval was conducted prior to release.

37. However, the Department of Corrections has been returning some in-custody defendants entitled to release from the courthouses to the DC Jail or CTF and subjecting them to strip searches after a judge has ordered their release without a finding of individual reasonable suspicion.

38. The DOC is supposed to make releases from the courthouses but it does not reliably do so.

39. The exact cause of the recent overdetentions and illegal court return strip searches is not known, but the causes, on information and belief, include recurring problems with the DC Jail's computerized inmate population accounting system and the Records Office.

**Plaintiff Richard Jones' Overdetention by the DC Jail**

40. On or about 12/7/15 Plaintiff Richard Jones, while in the custody of the DOC was sent to the federal courthouse for a hearing.

41. Mr. Jones was ordered released but instead of being released from the courthouse or the MHU the DOC transported him to the DC Jail and did not release him for several hours.

42. Plaintiff Jones has suffered damages as a result of the over detention.

**Plaintiff Richard Jones's Strip Search**

43. On 12/7/15 Plaintiff Richard Jones was taken to Court and the Judge ordered his release.

44. Plaintiff Richard Jones was entitled to release on 12/7/15.

45. But, instead of being released or diverted to the holding facility at DC General or released from the courthouse on 12/7/15, Plaintiff Carl A. Barnes was returned to the DC Jail's general population and subjected to a strip search and visual body cavity search without any individualized finding of reasonable suspicion or probable cause that he was concealing contraband or weapons even though a court had ordered his release.

46. Plaintiff Jones has suffered damages as a result.

Substantive Allegations

**Claim 1**

**§ 1983 Liability of District of Columbia for Overdetentions**

47. The Overdetained Named Plaintiff reallege and incorporate by reference all allegations set forth in this Complaint.

48. The District of Columbia, and its agents and employees, have had a ongstanding custom and practice of detaining people past their release dates, thereby causing unjustified overdetention of the Overdetained Named Plaintiff and all other class members.

49. The District's actions, and failure to act, as described above, directly and proximately and affirmatively were the moving force behind the violations of the Overdetained Named Plaintiff and all other class members' Fourth, Fifth and Eighth Amendment rights.

50. The District was deliberately indifferent to their rights.

51. Accordingly, all Named Plaintiffs are entitled to damages to be determined at trial, and the Overdetention Class is entitled to injunctive relief.

**Claim 2**

**§ 1983 Custom and Practice Liability of District for Illegal Strip Searches**

52. Mr. Jones the Strip Search Named Plaintiff realleges and incorporate by reference all allegations set forth in this Complaint.

53. The District's actions, and failure to act, as described above, directly and proximately and affirmatively were the moving force behind the violations of the Strip Search Named Plaintiff and the Strip Search Class members' Fourth and Fifth Amendment rights.

54. The District was deliberately indifferent to their rights.

55. Accordingly, Mr. Jones is entitled to damages to be determined at trial, and the Strip-search Class is entitled to injunctive relief.

**Claim 3**

**Common Law Liability of District of Columbia for False Arrest**

56. The Overdetained Named Plaintiff reallege and incorporate by reference all allegations set forth in this Complaint.

57. The District of Columbia, and its agents and employees, have had a longstanding custom and practice of detaining people past their release dates, thereby causing unjustified overdetention of the Overdetained Named Plaintiff and all other class members.

58. District's employees were acting within the scope of their employment at all times.

59. The District is liable for the conduct of its employees in respondeat superior.

60. The District's actions, and failure to act, as described above, were the proximate cause of the Overdetained Named Plaintiff and all other class members' common law rights to be free from false arrest.

61. The District is liable for the conduct of its employees in respondeat superior.

62. The District was deliberately indifferent to their rights.

63. Accordingly, all Named Plaintiffs are entitled to damages to be determined at trial.

**Claim 4**

**Common Law Custom and Practice Liability of District for Illegal Strip Searches**

64. Mr. Jones the Strip Search Named Plaintiff realleges and incorporate by reference all allegations set forth in this Complaint.

65. The District's actions, and failure to act, as described above, were the proximate cause of the Strip Search Named Plaintiff and the Strip Search Class members' common law privacy rights.

66. The District's employees were acting within the scope of their employment at all times.

67. The District is liable for the conduct of its employees in respondeat superior.

68. Accordingly, Mr. Jones is entitled to damages to be determined at trial.

## Prayer For Relief

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

1. grant a jury trial on all claims so triable;

2. award all named plaintiffs compensatory and consequential damages in an amount to be determined at trial;

3. award plaintiffs attorneys' fees and costs incurred in bringing this action under 42 U.S.C. § 1988; and

4. grant such other relief as this Court deems just and proper.

Respectfully submitted,

____/sig/________________________
WILLIAM CLAIBORNE
D.C. Bar # 446579

2020 Pennsylvania Ave., N.W., Ste 395
Washington, DC 20006
202-824-0700

**Jury Demand**

Plaintiffs demand a jury of six as to all claims so triable.

_______/sig/______________________
WILLIAM CLAIBORNE
D.C. Bar # 446579
Counsel for the Overdetained Named Plaintiff and
Strip Search Named Plaintiff and the classes